# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### TEXARKANA DIVISION

JACKIE D. HOWARD                                                                             PLAINTIFF

v.                                Civil No. 4:19-cv-04035

WHATABURGER; DETECTIVE BRIAN
TRIBBLE; SERGEANT ZACHERY WHITE;
and LISA GOODWIN, Manager Whataburger                            DEFENDANTS

## ORDER

This is a civil rights action filed by Jackie D. Howard pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A. Pursuant to the PLRA, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity, officer, or employee.

### I. BACKGROUND

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on April 3, 2019. (ECF No. 1). His application to proceed *in forma pauperis* was granted the following day. (ECF No. 4). Plaintiff is currently incarcerated in the Arkansas Department of Correction, Ouachita River Unit, in Malvern, Arkansas.

Plaintiff has named Whataburger, Detective Brian Tribble, Sergeant Zachery White, and Lisa Goodwin as Defendants. Plaintiff alleges Defendants Whataburger and Lisa Goodwin falsely accused him of stealing a laptop from the Whataburger restaurant. Specifically, Plaintiff states:

> I was accused of stealing out of a business by and employee, which had resulted me being incarcerated based on charges that were eventually nolle prossed; Im mentally & physicaly injury from this I take med as of now; the footage alone will show that its not me or that I never was at the place of business…The 14

Amendment was violated, false accusations of accusing me of stealing out of a business 'Equal Protection' Life, Liberty.

(ECF No. 1, pp. 4-5).

Plaintiff is suing Defendants in their personal and official capacities. He is seeking compensatory and punitive damages. (ECF No. 1, p. 7). Plaintiff also requests, "Free Whataburger for life, stock options, Trust fund awareness to fight Against Human Right's and Action's Taken upon them for my Incarceration, one million dollars…for relief." *Id.*

Plaintiff acknowledges in his Complaint that he previously filed another lawsuit in 2018, dealing with the same facts involved in the instant action. Civil Case No. 4:18-cv-04131 (ECF No. 1). In the 2018 lawsuit, Plaintiff named Lisa Goodwin, Detective Tribble and Sergeant White as defendants but did not specifically name Goodwin's employer, Whataburger, as a defendant.[1] On December 17, 2018 Plaintiff's claims against Lisa Goodwin, the manager of Whataburger, were dismissed with prejudice. Civil Case No. 4:18-cv-04131 (ECF No. 23). The Court found that Defendant Goodwin was not a state actor and, that even if she had been, Plaintiff had failed to state a claim against her for slander or defamation because these are not cognizable claims under section 1983. *Id.* at p. 5. Plaintiff's claims against Detective Tribble and Sergeant White in the 2018 lawsuit are currently pending before this Court.

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen this case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] In the 2018 action, Plaintiff also sued District Attorney Charles Black. Plaintiff's federal claims against Black were dismissed with prejudice on December 12, 2018. Civil Case No. 4:18-cv-04131 (ECF No. 22).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

#### A. Defendants Tribble and White

Plaintiff has named Detective Brian Tribble and Sergeant Zachery White as Defendants but has not made any specific allegations against them in his Complaint relating to his claim that he was falsely accused of stealing a laptop computer from the Whataburger restaurant. However, Plaintiff has a pending lawsuit against Defendants Tribble and White based on the same set of facts where this Court found he had stated a claim for relief.

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability on the part of a defendant, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [his] constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (citation and internal quotation marks omitted). Here, Plaintiff has failed to allege that Defendants Tribble and White had any personal involvement in the violation of his constitutional rights. Accordingly,

Plaintiff's claims against these Defendants, in both their personal and official capacities, should be dismissed for failure to state a claim.

Even if Plaintiff had set forth facts to support a claim against these Defendants, the claims should be dismissed because 28 U.S.C. § 1915 (d) permits federal courts to dismiss duplicative complaints as frivolous or malicious. *See Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992) (dismissing inmate's section 1983 action as frivolous where issues in instant complaint could be addressed in inmate's other pending action). Plaintiff claims against Defendants Tribble and White are currently pending in a previous lawsuit where Plaintiff's claims can be addressed. Therefore, Plaintiff's claims against these Defendants should also be dismissed as being duplicative and frivolous.

**B. Defendant Lisa Goodwin**

Plaintiff alleges his constitutional rights were violated when Defendant Goodwin falsely accused him of stealing a laptop from Whataburger which resulted in Plaintiff's incarceration on charges which were eventually dismissed. This is the same claim Plaintiff asserted against Defendant Goodwin in Case No. 4:18-cv-04131 which was dismissed with prejudice on December 17, 2018. Case No. 4:18-cv-04131 (ECF No. 23). There, the Court found Goodwin was not a state actor and, that even if she had been, Plaintiff had failed to state a claim against her for slander or defamation because these are not cognizable claims under section 1983. *Id.* at p. 5.

Upon a final judgment on the merits, *res judicata*, also known as claim preclusion, bars a party from relitigating claims in a second suit which were or could have been raised in the first lawsuit. *DePugh v. Clemens*, 966 F. Supp. 898, 903 (W.D. Mo. 1997). Most federal courts, including the Eighth Circuit, have ruled claim preclusion is applicable to section 1983 actions.

*Migra v. Warren City School Dist. Bd. Of Educ.*, 465 U.S. 75, 83 (1984); *Robbins v. Dist. Of Worth County, Ia.*, 592 F.2d 1015, 1018 (8th Cir. 1979).

Accordingly, Plaintiff's claims against Defendant Goodwin are frivolous and fail to state a claim upon which relief can be granted because they are barred by the doctrine of *res judicata*.

### C. Defendant Whataburger

Plaintiff alleges Defendant Whataburger violated his constitutional rights when its employee, Defendant Goodwin falsely accused him of stealing a laptop from the restaurant. Plaintiff's claims against Defendant Whataburger fail for several reasons.

First, Plaintiff makes no allegations that Defendant Whataburger was acting under color of state law or that it conspired with any government official to violate Plaintiff's rights. *See Tower v. Glover*, 467 U.S. 914, 920 (1984) ("[A]n otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal rights."). Next, other than the fact that Defendant Whataburger employed Defendant Goodwin, Plaintiff has failed to allege that Whataburger had any direct involvement in accusing him of stealing. As previously noted, Plaintiff's claims against Defendant Goodwin have been dismissed with prejudice.

Finally, even if it could be established that Defendant Whataburger had somehow acted under color of state law and was involved in falsely accusing him of stealing, Plaintiff's allegations at most assert a claim for defamation or slander. "[A] defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States." *Ellinburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975 (citations omitted). *See also Waller v. Rice*, 1:15-cv-01010, 2015 WL 2227799, *2 (W.D. Ark. May 12, 2015) ("Slander is not a cognizable claim under section 1983.") Accordingly, Plaintiff's personal and official capacity claims against Defendant Whataburger should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendants Whataburger, Lisa Goodwin, Brian Tribble and Zachery White in their personal and official capacities are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

**This dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk is DIRECTED to place a § 1915 strike flag on the case.**

**IT IS SO ORDERED** this 7th day of May 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge